MERCHANT SUPPLIERS PAPER Co., INC., et al., Respondents, *v.* PHOTO-MARKER CORPORATION et al., Appellants.

First Department, December 26, 1967.

*James P. Durante* of counsel (*Lawrence W. Boes* with him on the brief; *Reavis & McGrath,* attorneys), for Photo-Marker Corporation, appellant.

*Martin W. Fogel* of counsel (*Ruben Schwartz,* attorney), for Corio Fashions, Inc., appellant.

*Benjamin Gassman* of counsel (*Raphael, Searles & Vischi,* attorneys), for respondents.

RABIN, J. This is an appeal from an order of the Supreme Court, Special Term, which granted plaintiffs' motion for a preliminary injunction, and denied a cross motion by the defendants for an order dismissing the complaint for failure to state a cause of action; and, from an order denying defendants' motion for reargument.

Plaintiffs for some time preceding this action were engaged in the manufacture, sale and distribution of duplicating machines and sensitized photocopy paper for use in those machines. They allege that for some time prior to the commencement of this action they created a machine denoted the "72 Inch Giant Marker-Maker"; that this machine was the widest machine made for its purpose; and, that this machine was, by reason of the width of its reproductions, unique in the industry. Plaintiffs further allege that they developed a sensitized paper to be used exclusively with the "Marker-Maker".

A quantity of these machines was sold to various manufacturers of ladies' and children's wearing apparel. Defendant, Corio Fashions, Inc., was one such purchaser.

The written contract of sale is bereft of any conditions limiting the use of the machine by defendant Corio. However, it is alleged by the plaintiffs that in addition to the written contract, they and Corio agreed orally that the machine would not be removed from the premises of Corio; that it would be used solely by Corio, and not for or by any other person or corporation; and, that the machine was not to be transferred, sold, loaned or given to any other person.

Defendant, Photo-Marker Corporation, is a competitor of the plaintiffs in the manufacture, distribution and sale of copying machines and sensitized paper. Plaintiffs allege that Corio permitted Photo-Marker to remove the "Marker-Maker" from Corio's premises. They further allege that Photo-Marker took the machine to its own premises, disassembled it, copied its special features and is presently selling a similar machine for a price less than that charged by plaintiffs.

Plaintiffs bring this action for a permanent injunction, enjoining the defendant, Photo-Marker, from manufacturing, selling or distributing the machine in issue and for damages against both defendants based upon the foregoing and for conspiring to accomplish their ends. Plaintiffs do not claim that Photo-Marker is attempting to "palm-off" its machine as that of the plaintiffs.

Plaintiffs' case is predicated upon the validity of the alleged oral conditions which, they claim, are part of the contract of sale. Even if we construe plaintiffs' complaint in its most favorable light, that is, assuming that the oral conditions were actually agreed upon, and that proof of such agreement is not barred by the parol evidence rule, as defendants claim it is, we conclude that the plaintiffs have failed to state any valid cause of action. The attempt to restrict defendant Corio's right to sell, lend or lease the machine, even after title has vested in it, is an attempt to restrict competition. Thus, plaintiffs are attempting to accomplish by indirect means what they may not accomplish directly. Moreover, plaintiffs are attempting, in effect, to establish a patent — one not granted by the Federal Government.

Although State courts are loathe to apply Federal antitrust law, " a contract may so violate the antitrust laws as to be unenforcible in the State courts " (*American Broadcasting-Paramount Theatres* v. *American Mfrs. Mut. Ins. Co.*, 42 Misc 2d 939, 943 [1963], affd. 20 A D 2d 890 [1st Dept., 1964], affd. 17 N Y 2d 849, cert. den. 385 U. S. 931 [1966]). The alleged contract in the instant case falls squarely within that rule.

The United States Supreme Court has recently established, in *United States* v. *Arnold, Schwinn & Co.* (388 U. S. 365 [1967]), that sales to retailers by manufacturers may not be encumbered by conditions which militate against free competition. In the *Schwinn* case, sales of bicycles by the Arnold, Schwinn Company, a manufacturer, to retailers were conditioned upon the latter's selling only to consumers and not to unfranchised retailers. The court held this practice to be anticompetitive. Although the case was decided upon the basis of sales to retailers rather than to consumers, the implication of the decision is that if a condition upon a sale is anticompetitive, that condition is invald.

We are of the opinion that the alleged conditions sought to be imposed are anticompetitive. The plaintiffs passed title and having done so cannot exercise dominion over their product. For this reason alone, the alleged conditions must fall.

Closely allied with the anticompetitive nature of the oral conditions is their attempted effectuation of rights given only under a patent. Enforcement of the oral covenant vests in plaintiffs' exclusive rights to their " creation ". The United States Supreme Court, in *Sears, Roebuck & Co. v. Stiffel Co.* (376 U. S. 225, 231 [1964]) stated: " Just as a State cannot encroach upon the federal patent laws directly, it cannot, under some other

law * * * give protection of a kind that clashes with the objectives of the federal patent laws.''

In like manner, what the State may not do directly may not be accomplished through the courts by the granting of an injunction. Plaintiffs may have the protection they seek here only by obtaining a patent, if one be obtainable.

The alleged covenant, therefore, must fall as being anticompetitive and it likewise must fall as being violative of clause 8 of section 8 of article I of the United States Constitution, which grants to the Federal Government the exclusive right to issue patents.

Accordingly, the order entered September 14, 1967, granting the injunction, should be reversed on the law; the cross motion to dismiss the complaint should be granted, and the defendants' appeal from the order denying reargument should be dismissed as not appealable, with one bill of costs and disbursements to the defendants-appellants.

STEVENS, P. J., CAPOZZOLI, McNALLY and BASTOW, JJ., concur.

Order entered on September 14, 1967, unanimously reversed, on the law, with $50 costs and disbursements to the appellants, plaintiffs' motion for a preliminary injunction denied, and defendants' cross motion to dismiss the complaint granted, with $10 costs. The appeal from the order entered on September 14, 1967, is dismissed, as nonappealable, without costs or disbursements.