COLUMBIA BROADCASTING SYSTEM, INC., Appellant, *v.* ROSKIN DISTRIBUTORS, INC., Respondent.

First Department, November 7, 1968.

*Gilbert S. Edelson* of counsel (*Rosenman Colin Kaye Petschek Freund & Emil* and *Sharf & Hellenbrand,* attorneys), for appellant.

*Samuel Mezansky* for respondent.

STEUER, J. P. In this action for the agreed price of goods sold and delivered, plaintiff moved to dismiss three separate defenses and counterclaims pleaded in the amended answer. Special Term did not reach the merits of the application, having concluded that the application was premature because, from Special Term's viewpoint, plaintiff had stipulated not to so move until all examinations before trial had been concluded. We do not so interpret the many stipulations made between the attorneys.

It appears that prior to answer defendant moved to examine plaintiff. The parties stipulated to extend defendant's time to answer until 10 days after the completion of this examination (stipulation of June 1, 1966). This was changed to provide for

service of the answer on July 18, examination to begin August 16, and leave to serve an amended answer 10 days after completion of the examination. The answer was so served. On receipt of the answer, plaintiff wrote defendant that to preserve its right to move in regard to the answer it was their understanding that motions should be deferred until after the depositions were taken and, in view of the right to serve an amended answer, no purpose would be served until the amended answer was served. By stipulation of August 16 all of the foregoing was changed. The time of defendant to serve its amended answer was made definite, namely, September 7, 1966, and the examination was to begin September 16. And a second amended answer could be served without leave of the court 20 days after completion of the examinations. Nothing about motions addressed to the amended answer was provided for. On October 6 a further stipulation, covering time for reply to the amended answer, was entered into. On October 18 it appeared that the attorneys were in disagreement as to what had been stipulated. Plaintiff contended that the extension of time granted it to reply included the right to move in regard to the sufficiency of the answer and defendant contended that it did not. The attorneys being unable to agree, defendant responded by noticing the examination and plaintiff by making the instant motion.

Stipulations of counsel must be in writing (CPLR 2104). This means that all matters claimed to be the subject of the stipulation must be set out. The court cannot be asked to divine what was in counsel's mind or to seek the intent from other evidence; nor to resolve disputes arising from sources other than the words of the writing. '' This rule is of somewhat ancient origin. It grew out of the frequent conflict between attorneys as to agreements made with reference to proceedings in actions, and was intended to relieve the courts from the constant determination of controverted questions of fact with reference to such proceedings '' (*Mutual Life Ins. Co.* v. *O'Donnell,* 146 N. Y. 275, 279). Applying this rule to the stipulations in this action, we find, originally, an agreement allowing defendant to defer service of its answer until after completion of an examination of plaintiff. It would consequently be impossible for plaintiff to move in regard to the answer prior to that time. However, defendant never took advantage of these stipulations and served its answer and amended answer before the depositions were even begun, pursuant to stipulations so providing. The original situation was materially changed — it was now possible to move in regard to the answers before completion of the examinations, and the stipulations are entirely silent as to any restriction on

so moving. It is not for the court to imply what this silence means. There is no stipulation in writing which waives plaintiff's right to move.

Pragmatically, the instant situation presents ample reason for resolution of the validity of the defenses under challenge at this time. Lengthy and arduous effort in the taking of depositions could be curtailed and, to an extent, eliminated by refinement of the issues. In fact, defendant's counsel, though not yielding his point that the motion is premature, has expressed his willingness to have the question resolved at this time. Both sides have, accordingly, briefed the questions involved. And while we could with propriety remand the matter to Special Term for decision on the merits, we have, in accord with the spirit displayed by counsel, made determination on the merits.

The defenses under attack are the second, third, fourth and sixth, and the first and second counterclaims. The second defense pleads that the agreement under which the goods were sold violates the Sherman and Clayton Acts in various ways. Assuming, without passing upon it, that the acts alleged do constitute violations of the said statutes, no defense is pleaded. This court has uniformly held that these statutes may not be pleaded in defense of an action for goods sold and delivered or services rendered (*American Broadcasting-Paramount Theatres* v. *American Mfrs. Mut. Ins. Co.*, 42 Misc 2d 939, affd. 20 A D 2d 890). This is in accord with the ruling of the United States Supreme Court that the acts in question prescribe their own sanctions which do not include a defense to the collectibility of the purchase price (*Bruce's Juices* v. *American Can Co.*, 330 U. S. 743). This is not to say defendant is without remedy, but that the remedy is no impediment to plaintiff's right to recover.

The so-called third defense merely alleges that the complaint fails to state a cause of action.

The fourth defense and the first counterclaim allege a breach of the distributorship agreement between the parties pursuant to which the goods were sold. The claimed breach is the improper termination of the distributorship agreement. Concededly the termination was effected according to the explicit terms of the agreement. But, defendant alleges, the agreement was modified to provide different terms for termination, which terms were not met. The alleged modification was oral. It is plainly executory. As the original agreement provides that all modifications must be in writing and signed, the alleged oral modification being unprovable (General Obligations Law, § 15–301, subd. 1) is, for the purposes of this action, a nullity.

The second counterclaim alleges that defendant was induced to undertake a second distributorship in a different area by representations that the original distributorship would not be terminated except in accord with the oral modification referred to. It was not urged that this counterclaim should be dismissed.

The sixth defense pleads an estoppel. It is alleged that the parties met to discuss plaintiff's claim and defendant's claims under the antitrust laws; that each party represented that it would forego any claim it might have; and that because of the representations made to it defendant was lulled into a sense of security and failed to institute appropriate action under the antitrust laws. No agreement in the nature of mutual release is pleaded — merely representations as to possible future action. It is plain that defendant has mistaken its remedy. Assuming the full effect of what defendant has pleaded, it amounts to a plea to avoid the effect of the Statute of Limitations or a claim of laches in the event that plaintiff would plead that statute, or assert that defense in an action brought by defendant. It constitutes no defense to this action.

Order entered May 9, 1967, should be modified on the law to grant plaintiff's motion to dismiss the second, third, fourth and sixth defenses and the first counterclaim; and as so modified affirmed, with costs and disbursements to appellant.

McGIVERN, J. (dissenting). I dissent and would affirm.

Although I have the greatest deference for the majority's analysis of the substantive questions involved, nor do I disagree with it, nevertheless I feel that Special Term was correct in treating the application to dismiss the answers as premature. I also believe Special Term was correct in construing a compliance with CPLR 2104 from the totality of the writings relating to the extension of the time within which a further amended answer might be interposed, pending which a motion addressed to any defense would be deferred.

Further, I think that even " pragmatically ", the disposition of Special Term is preferable in view of the continued viability of the defendant's second counterclaim. And in any event, I do not find from this submission that defendant's counsel has " expressed his willingness " to have the substantive questions resolved at this time; nor do I find counsel has displayed a " spirit " indicating a wish that this court make a final determination on the merits. At best, I find the defendant *alternatively* requesting that if this court doubts the sufficiency of the defenses, defendant be accorded an opportunity to plead again and that the motion to strike be held in abeyance until defendant has completed taking depositions. This is different

from a request that defendant be executed now with a golden axe.

Tilzer and McNally, JJ., concur with Steuer, J. P.; McGivern, J., dissents in opinion.

Order entered May 9, 1967, modified, on the law, to grant plaintiff's motion to dismiss the second, third, fourth and sixth defenses and the first counterclaim; and as so modified affirmed, with $50 costs and disbursements to appellant.