■ NEW YORK STOCK EXCHANGE, INC., Appellant, v. GOODBODY & Co. et al., Respondents.— Order, Supreme Court, New York County, entered March 19, 1973, which *inter alia* denied plaintiff's motion to strike certain demands in the bill of particulars, so far as appealed from, unanimously affirmed, without costs and without disbursements. Order, Supreme Court, New York County, entered March 28, 1973, so far as appealed from, which denied plaintiff's motion to dismiss specified affirmative defenses and counterclaims, reversed, on the law, without costs and without disbursements, and the motion granted. The affirmative defenses and counterclaims set forth fit into two general categories. One group of defenses alleges violation of Federal antitrust laws and the second group of affirmative defenses and counterclaims allege violation of the Securities and Exchange Act of 1934. A violation of Federal antitrust laws may be asserted as a defense in a State action where the plaintiff, in order to prove a prima facie case, must also inevitably prove an illegal act (*Continental Wall Paper Co.* v. *Voight & Sons, Co.*, 212 U. S. 227; *City Trade & Ind.* v. *New Cent. Jute Mills Co.*, 25 N Y 2d 49). However, where the antitrust violation is collateral to the main issue in the complaint, it cannot remain as a viable defense (*Kelly* v. *Kosuga*, 358 U. S. 516; *Bruce's Juices* v. *American Can Co.*, 330 U. S. 743; *Small Co.* v. *Lamborn & Co.*, 267 U. S. 248; *Refrigeration Sales Co.* v. *York Corp.*, 32 Misc 2d 231, affd. 18 A D 2d 1140). The agreement in the case at bar does not on its face violate antitrust laws and accordingly those defenses must fall. The second category of defenses and counterclaims involves alleged violation of the Securities Act of 1934. These are clearly not cognizable in a State action since the statute specifically provides for exclusive Federal jurisdiction of these matters (U. S. Code, tit. 15, § 78aa). Accordingly, these defenses and counterclaims must also be dismissed. Concur — Stevens, P. J., Markewich, Kupferman and Lane, JJ.; Nunez, J., dissents and votes to affirm on the opinion of Saypol, J. at Special Term.