Abraham J. Gellinoff, J.
Plaintiff moves to dismiss defendant’s affirmative defenses and counterclaim on the ground that they fail to sufficiently state defenses or a claim for relief.
Plaintiff, a manufacturer and supplier of elevators, brings this action against defendant, alleging defendant’s failure to pay sums due on a service contract. For its first affirmative defense and counterclaim, defendant alleges that during nego *315 tiations for renewal of the service contract, plaintiff threatened that if defendant failed to enter into such contract with plaintiff, but rather obtained service from a competitor, plaintiff would prevent defendant from securing necessary parts. Defendant asserts that this conduct is in violation of section 340 of the General Business Law. In its second affirmative defense, defendant alleges that the threat also constituted a violation of the Sherman and Clayton Acts (US Code, tit 15, § 1 et seq. and § 12 et seq.).
These allegations fail as affirmative defenses, as they in no way relate to the allegations of the complaint. The complaint seeks payment under a specific service contract. The asserted defenses relate to negotiations for another contract, which, in fact, never reached fruition. Additionally, collateral allegations of violations of antitrust laws do not constitute sufficient defenses to a collection claim (Columbia Broadcasting System, v Roskin Distrs., 31 AD2d 22, affd. 28 NY2d 559; New York Stock Exch v Goodbody & Co., 42 AD2d 556).
In its memorandum of law in opposition to the motion, defendant apparently realizes the fatal flaw in its counterclaim as drafted. The counterclaim seeks damages for an alleged violation of section 340 of the General Business Law, but that section, analogous to section 1 of the Sherman Act, prohibits only bilateral activity in restraint of trade. Even if true, plaintiff’s alleged conduct was unilateral — a threat — and not actionable under the statute relied upon.
In its memorandum, defendant seeks to perform radical surgery upon its counterclaim, asserting that if the claim under section 340 is insufficient, the counterclaim ought not be dismissed because it is nonetheless "actionable under § 2 of the Sherman Act, 15 USC § 2.” While it may be true that the facts alleged might constitute a sufficient claim under the Sherman Act, such affirmative claim for relief may not be litigated in this forum. Only Federal courts have jurisdiction over such claims, and this court lacks subject matter jurisdiction (Marsich v Eastman Kodak Co., 244 App Div 295, affd 269 NY 621; United Artists Corp. v Ancore Amusement Corp., 91 F Supp 132).
Accordingly, the motion is granted, and the affirmative defenses and counterclaim are dismissed.
Plaintiff further seeks a discretionary allowance pursuant to CPLR 8303 (subd [a], par 2). On the facts of this case, the *316 court finds such allowance unwarranted, and the application is denied.