■ IRWIN KALLMAN, Respondent, v. JOHN W. BURKE et al., Appellants.— Order, Supreme Court, New York County, entered on May 15, 1974, denying defendants' motion for summary judgment, unanimously reversed, on the law the motion granted and the complaint dismissed. Appellants shall recover of respondent $60 costs and disbursements of this appeal. Defendants are attorneys representing Dorothy Kallman, a legatee under the will of her father, Harry Kallman, who died on February 24, 1963. Letters testamentary were issued to plaintiff Irwin Kallman, David Kallman and Alice Weissberg who are now executors. In 1969, no account having been filed, defendants on behalf of their client contacted the executors and were informed that an account was being prepared. As no accounting proceeding was commenced, in early 1970 defendants' client authorized the commencement of a compulsory accounting proceeding. Failure on the part of the executors to file an account within six weeks of the return date of the order to show cause initiating said proceeding, impelled defendants to obtain entry on June 2, 1970 of an order by the Surrogate directing the filing of an account within six weeks from the entry of such order. Continued failure to file an account, despite this directive, resulted in application by defendants on behalf of their client to punish the executors for contempt. Thus it appears that defendants' patience and forbearance were exhausted. In answer dated August 17, 1970, David Kallman stated that the account would be completed within two weeks. Unbeknown to defendants, the account was filed on August 28, 1970. Defendants on August 31, 1970, served a copy of a proposed order, noticed for settlement on September 8, 1970, directing punishment for contempt. No counterproposed order was submitted. By order dated September 9, 1970, the Surrogate directed that the application to punish for contempt would be granted unless the account was filed within two weeks from the date of the order. A copy of the signed order was served on

plaintiff on September 16, 1970. The only step taken by plaintiff to apprise the court and the litigants that the account was filed was a letter sent to the defendants dated September 2, 1970. Defendants assert that periodic checks by their employee at the Surrogate's Court from June, 1970 until on or about September 23, 1970, did not disclose the filing. Pursuant to an order dated October 19, 1970, holding plaintiff in contempt, a warrant of commitment issued and on October 29, 1970, defendants received a telephone call from plaintiff to the effect that two deputy sheriffs were in his office about to execute the war- rant. Defendants at this point, in view of plaintiff's insistence that filing had occurred, rechecked the Surrogate's Court's records and, upon ascertaining that plaintiff was correct, immediately directed the deputies to desist from executing the warrant. The instant action for malicious prosecution was insti- tuted approximately one year later. Malice and lack of probable cause are essential elements of this tort (*Burt* v. *Smith*, 181 N. Y. 1). Under the circum- stances herein, assuming, *arguendo*, defendants to be negligent in that their employee failed to discover that the account was filed before the entry of the order of contempt and issuance of the warrant of commitment, such failure does not constitute a basis for an action for malicious prosecution. Concur — McGivern, P. J., Kupferman, Murphy and Lupiano, JJ.