■ WILLIAMS REAL ESTATE CO., INC., Respondent-Respondent, and CUSHMAN & WAKEFIELD, INC., Respondent-Appellant, v SOLOW DEVELOPMENT CORPORATION et al., Appellants-Respondents.—Judgment, Supreme Court, New York County, entered on November 2, 1973, after a jury trial, insofar as it awarded plaintiff Williams Real Estate Co., Inc., $400,000 as the reasonable value for services rendered in procuring the third lease between defendants, Solow and Avon Products, Inc., dated February 1, 1971, modified, on the law and on the facts, and a new trial granted solely on the issue of damages arising out of the procurement of said lease, with costs and disbursements of this appeal to abide the event, unless plaintiff within 20 days of service upon it of a copy of the order entered hereon, with notice of entry, serves and files in the office of the clerk of the trial court a written stipulation consenting to reduce the jury's verdict thereon to $100,000, and to the entry of an amended judgment. If the plaintiff consents to the

reduction, the judgment as so amended is affirmed, without costs and without disbursements. The jury found that plaintiff was the procuring cause of the three leases involved in this suit and that there had been no agreement between Solow and plaintiff regarding the compensation plaintiff was to receive. The jury found further that plaintiff was entitled to recover $1,300,000 as the reasonable value of the services rendered in connection with the first two leases and $400,000 as the reasonable value of the services rendered with regard to the 1971 lease. The majority would affirm in all respects save for the amount awarded to plaintiff for services rendered in connection with procuring the last lease. With regard to that lease we believe that sufficient was established by plaintiff at the trial to raise a question of fact for the jury concerning whether it was the procuring cause of the 1971 lease, but that the amount awarded by the jury for the minimal services rendered by plaintiff with respect thereto was excessive. A judgment exceeding the amount indicated is not warranted on this record. We have examined the remaining points raised on these cross appeals and find them to be without merit. We have noted the comment of the dissent that the use of the Real Estate Board recommended rate schedule was in violation of the Sherman Act. However, it must be emphasized that, in our own case of *Columbia Broadcasting System v Roskin Distrs.* (31 AD2d 22, affd 28 NY2d 559) at p 25 of our opinion written by Mr. Justice Steuer, we said: "This court has uniformly held that these statutes may not be pleaded in defense of an action for * * * services rendered *(American Broadcasting-Paramount Theatres v American Mfrs. Mut. Ins. Co.,* 42 Misc 2d 939, affd. 20 AD2d 890)." Concur—Stevens, P. J., Capozzoli, Lane and Nunez, JJ.; Kupferman, J., dissents in the following memorandum: The trial court erred as a matter of law in permitting the jury to "consider the Real Estate Board schedule of recommended rates as some evidence of what may be reasonable" even though he went on to say "although you are not bound by those schedules and rates." The jury found that there was no contract to pay real estate board rates to plaintiff Williams for its brokerage services. The defendants concede Williams was the procuring broker for the 1969 and 1970 leases and is entitled to the reasonable value of its services. The problem is calculating in dollars such reasonable value. The Real Estate Board recommended rate schedule is in violation of the Sherman Act. *(United States v Real Estate Boards,* 339 US 485.) To allow it to impinge upon the jury's deliberations was to taint the result. The majority by implication recognizes the harmful effect of the illegal rate schedule when it seeks to modify the award on the third lease by reducing it from $400,000 to $100,000. A telephone call produced the third lease, and only the rate schedule could have, in turn, produced the jury's award. I would reverse and order a new trial with respect to the first two leases. I would also reverse with respect to the third lease, unless the majority modification with respect thereto is accepted.