■ CORPORATION OF THE PRESIDING BISHOP OF THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS, Appellant, v SOLOW BUILDING CORPORATION et al., Respondents.—Order, Supreme Court, New York County, entered November 12, 1975, granting defendants' motion for reargument, and thereupon granting the application theretofore denied to vacate a *lis pendens,* unanimously reversed on the law, and the original order entered September 9, 1975 reinstated, effective with the date of publication hereof, without costs and without disbursements. The notice of pendency is also reinstated; however, with respect to the rights of third parties, if any, that may have accrued in the interim, no opinion is expressed. This is an action for rescission of a deed and for damages for breach of contract. The plaintiff had entered into an agreement in 1966 to convey certain parcels of real estate in Manhattan to the defendants as part of an assemblage of real

property for construction of an office building. The plaintiff preferred to retain title and to receive a letter of credit for the consideration involved in the transaction, because for its religious purposes the agreement called for including a chapel in the office building. The amended complaint, in 1971, among other things, alleges that the plaintiff was fraudulently induced to convey the property, and further that the chapel was not included in the new building subsequently erected. With knowledge of the pending action, the defendants erected the building. Incidentally, other questions with respect to this building have been considered by this court. (See *Williams Real Estate Co. v Solow Development Corp.,* 47 AD2d 872, affd 38 NY2d 968.) In 1975, the plaintiff filed a *lis pendens,* and the defendants moved under CPLR 6514 (subd [b]) to vacate the notice on the ground of lack of good faith and delay in the prosecution of the action. The original order denied the motion and directed the parties to complete pretrial discovery within 60 days. On the motion by the defendants for reargument, the court stressed the delay in the filing of the notice and vacated it. It is not the delay in the filing of the notice that is pertinent. It may be filed "at any time prior to judgment." (CPLR 6511, subd [a].) Its purpose is to afford constructive notice from the time of the filing so that any person who records a conveyance or encumbrance after that time becomes bound by all of the proceedings taken in the action. The question, as to delay, is on the issue of prosecution of the action itself in good faith, and, as to that, the mere fact of the passage of time does not in and of itself create bad faith. Concur—Stevens, P. J., Kupferman, Murphy, Birns and Silverman, JJ.