■ ALLIED BUILDING & AIRPORT SERVICES, INC., Appellant, v 101–103 PARK AVENUE, INC., et al., Respondents.—Order, Supreme Court, New York County, entered May 5, 1976, unanimously reversed, on the law, with $40 costs and disbursements to appellant, and the motion for leave to serve an amended answer is denied. It is settled law that alleged violation of Federal antitrust laws is not a defense to an action for services rendered unless the plaintiff in order to prove a prima facie case must also inevitably prove an illegal act. *(New York Stock Exch. v Goodbody & Co.,* 42 AD2d 556; *Columbia Broadcasting System v Roskin Distrs.,* 31 AD2d 22, 25, affd on

other grounds 28 NY2d 559; *American Broadcasting-Paramount Theatres v American Mfrs. Mut. Ins. Co.,* 42 Misc 2d 939, affd 20 AD2d 890; *Williams Real Estate Co. v Solow Development Corp.,* 47 AD2d 872, affd on other grounds 38 NY2d 978; *Bruce's Juices v American Can Co.,* 330 US 743; and *Kelly v Kosuga,* 358 US 516.) Accordingly, the proposed defense is insufficient in law. We are informed that defendants are pursuing in the appropriate forum, the Federal court, their claim for antitrust violation. "While ordinarily leave to serve an amended pleading should be freely given (CPLR 3025, subd. [b]), where the insufficiency of the proposed pleading is clear and free from doubt permission to serve it should be denied as a matter of law." *(Grafer v Marko Beer & Beverages,* 36 AD2d 295, 296.) Particularly is this true where, as here, the parties have fully briefed and submitted the issue of the insufficiency of the defense as a matter of law. Concur—Markewich, J. P., Murphy, Silverman, Capozzoli and Nunez, JJ.