Harold J. Hughes, J.
 

 Defendant Jerome Brownstein has moved for dismissal of the complaint as to him on the ground that it fails to state a cause of action.
 

 
 *172
 
 The complaint sets forth the following facts which, for the purposes of this motion, are deemed to be true. In December, 1974, plaintiff, a physician, was served with a summons and a complaint containing allegations that he and others committed malpractice which caused the death of Francis Buonagurio. The action against plaintiff was instituted at the direction of defendant Brownstein, an attorney retained by defendant Madeline Buonagurio. Plaintiff did not treat Mr. Buonagurio during the illness which led to his demise, and no basis existed for naming plaintiff as a party defendant in the wrongful death action. The complaint asserts that plaintiff was subjected to a frivolous lawsuit as the result of a malicious disregard of his rights and that defendant Brownstein was negligent in (among other things) failing to investigate the facts and circumstances surrounding the claim against plaintiff; employing the action against plaintiff as a discovery device; and conducting the practice of law in a malicious and unethical fashion with a reckless disregard for the truth or falsity of the allegations set forth in the complaint against plaintiff. In this action, plaintiff seeks general damages in the sum of $200,000.
 

 The issue, apparently one of first impression in New York, is whether an attorney who institutes a frivolous malpractice action at the behest of a client, is liable in damages to the physician so sued.
 

 The court first finds that the complaint does not state a cause of action for abuse of process. The gist of the action for abuse of process lies in the improper use of process after it is issued, and not for its issuance
 
 (Williams v Williams,
 
 23 NY2d 592, 596;
 
 Frank v Coe,
 
 51 AD2d 992). Moreover, for this action to lie, there must be a regularly-issued process, civil or criminal, compelling the performance or forebearance of some prescribed act
 
 (Board of Educ. of Farmingdale Union Free School Dist. v Farmingdale Classroom Teachers Assn., Local 1889, AFT AFL-CIO,
 
 38 NY2d 397, 403). The process issued against plaintiff,, a summons and complaint in a malpractice action, does not satisfy that requirement. "It has repeatedly been held that the mere institution of a civil action which has occasioned a party trouble, inconvenience, and expense of defending, will not support an action for abuse of process. Public policy requires that parties be permitted to avail themselves of the courts to settle their grievances and that
 
 *173
 
 they may do so without unnecessary exposure to a suit for damages in the event of an unsuccessful prosecution.” (1 NY Jur, Abuse of Process, § 2.)
 

 Nor does the complaint state a cause of action for malicious prosecution, for the reason that there has been no interference with plaintiff’s person or property
 
 (Williams v Williams,
 
 23 NY2d 592, 596,
 
 supra; Burt v Smith,
 
 181 NY 1). Moreover, the complaint fails to allege an essential element of the cause of action of malicious prosecution, namely, that the malpractice action was terminated in favor of the plaintiff herein.
 

 No cause of action for prima facie tort is stated in the absence of any allegation of actual or special damages
 
 (Bohm v Holzberg,
 
 47 AD2d 764).
 

 The complaint may not be sustained on the theory of negligence, since the complaint alleges no facts upon which it could be found that the defendant attorney violated any duty of care owing to the plaintiff. The courts of this State have consistently held that an attorney is not liable to third parties for the negligent performance of his obligations to a client, even where such negligence results in damage to third parties
 
 (Victor v Goldman,
 
 74 Misc 2d 685, affd 43 AD2d 1021, and cases cited therein). While courts in other States have ruled that attorneys may be held liable to third persons for professional negligence under specified circumstances (see, e.g.,
 
 Heyer v Flaig,
 
 70 Cal 2d 223), there is no indication that such a rule would be adopted in this State, for to hold an attorney personally responsible for instituting a frivolous action on behalf of a client would operate to discourage free resort to the courts for the resolution of controversies, contrary to public policy (see
 
 Porterfield v Saffan,
 
 7 AD2d 987).
 

 Finally, the fact that defendant had previously moved, pursuant to CPLR 3014 and CPLR 3024, for an order requiring plaintiff to serve an amended complaint separately stating and numbering each cause of action, which motion was denied, does not bar the maintenance of the present motion to dismiss for failure to state a cause of action
 
 (Higby Enterprises v City of Utica,
 
 54 Misc 2d 405; 4 Weinstein-KornMiller, NY Civ Prac, par 3211.03).
 

 The motion to dismiss for failure to state a cause of action is granted, without costs.