**KEENE CORPORATION, a corporation, Plaintiff and Respondent,**

v.

**R. W. TAYLOR STEEL COMPANY, a corporation, Ralph W. Taylor and Lou Jean M. Taylor, Defendants and Appellants.**

No. 15787.

Supreme Court of Utah.

April 13, 1979.

R. Brent Stephens and Richard Crandall of Snow, Christensen & Martineau, Salt Lake City, for defendants and appellants.

Dennis McCarthy and David Greenwood of Van Cott, Bagley, Cornwall & McCarthy, Salt Lake City, for plaintiff and respondent.

CROCKETT, Chief Justice:

Defendants, trade account guarantors for Grating, Inc., appeal a judgment against them, for the price of steel delivered by plaintiff to Grating, Inc., in the amount of $66,674.16.

Defendants' contentions on this appeal are: (1) that the contract by which Grating purchased the steel from Keene was void because of the latter's violations of anti-trust laws; (2) that the trial court erred in refusing to grant defendants' motion to delay this case until defendants' anti-trust suit against the plaintiff in the federal court had been completed; and (3) that there had been an oral modification of the purchase contract by which plaintiff Keene had agreed that the charges for its product would be no more than other manufacturers were charging.

Grating had been purchasing steel from Keene since 1965. In the spring of 1973 Grating owed an account of around $200,000. As a condition to continuing business relations, the defendants (Ralph W. Taylor is president and sole owner of R. W. Taylor Steel and Grating, Inc.) executed agreements by which they guaranteed payment to plaintiff of all amounts thereafter incurred.

There is no dispute as to the facts that from January through March 1975, Grating ordered steel from Keene in the total amount of $66,674.16 by written purchase orders prepared and executed by Grating's general manager from price lists which had been previously provided by Keene. Grating received and accepted the steel from Keene in the quantity and description specified in the purchase orders.

Shortly after Grating received the last shipment of steel of the account herein sued on, the defendants filed an anti-trust suit in the federal court against plaintiff Keene. Therein they alleged that late in 1974 and early in 1975 they discovered that Keene had been violating the anti-trust and price fixing laws in violation of federal statutes.[1] This is the basis of defendants' asserted defense and their urgence that our district court should have delayed disposition of this case until the case in federal court had been adjudicated.

In support of their position defendants cite the case of *Continental Wall Paper Co. v. Louis Voight and Sons Co.,*[2] decided in 1909, wherein the United States Supreme Court recognized an antitrust violation as an affirmative defense. In his dissent in that case Mr. Justice Holmes pointed to the possible injustices in allowing such a defense, for the reason that it may have the effect of permitting a purchaser to obtain other people's property for nothing when he purports to be buying it.[3] This is the view which has been adopted and approved in later and superseding cases.

In the case of *Bruce's Juices Inc. v. American Can Co.,*[4] that court made the distinction that when a suit is based upon an illegal agreement, to which both the defendant and plaintiff are parties, so that the enforcement thereof would be aiding in the accomplishment of an illegal plan, the court should refuse to do so. But when the contract sued on is not itself illegal, the court should refuse to allow a purchaser to obtain goods from another and to avoid paying for them by relying upon that defense. The court further observed that where the anti-trust statute has created an offense and provided a penalty with a procedure for recovering for an injury, the party should be left to that remedy. (Citing authorities.)

1. Sec. 15 U.S.C., § 1, states that every contract . . . in restraint of trade or commerce . . is declared to be illegal, and provides a remedy.

2. 212 U.S. 277, 29 S.Ct. 280, 53 L.Ed. 486.

3. *Continental Wall Paper Co.,* supra, at 271, 29 S.Ct. 280.

4. 330 U.S. 743, 755, 67 S.Ct. 1015, 91 L.Ed. 1219.

In the case of *Kelly v. Kosuga*,[5] the court stated that for the same reasons,

. . . the plea of illegality based on violation of the Sherman Act has not met with much favor in this Court. This has been notably the case where the plea has been made by a purchaser in an action to recover from him the agreed price of goods sold.

The rationale of the decisions just referred to has been followed by other courts when confronted with similar questions.[6]

Reverting to the circumstances of this case in the light of the principles above stated: there is no basis in the evidence to compel a finding that Grating's contracts of purchase from Keene were inherently illegal, nor that enforcing collection of the stated purchase price for the steel products would be invoking the powers of the court to aid in an unlawful activity. Accordingly, we are not persuaded that the trial court was in error in rejecting the defendants' proffered defense of alleged anti-trust violations by the plaintiff, nor that it erred in proceeding to the trial and adjudication of this case.

In regard to defendants' argument that plaintiff had agreed to an oral modification to the effect that it would charge Grating no more than other manufacturers charged for the same products: without belaboring other aspects of claims of oral modifications of written contracts, on that issue raised here it is sufficient to say that on the basis of disputed evidence the trial court found that there was not any such oral agreement.

Affirmed. Costs to Plaintiffs (respondents).

MAUGHAN, WILKINS, HALL and STEWART, JJ., concur.

5. 358 U.S. 516, 518, 79 S.Ct. 429, 431, 3 L.Ed.2d 475. Id. at 520.

6. *See, Exxon Corp. v. Times Indus. Inc.*, 1974 Trade Case 74,929 (E.D.Mich.1974); *Azalea Drive-In Theatre, Inc. v. Sargoy*, 214 S.E.2d 131 (Va.S.Ct.1975); *American Broadcast v. American Mfrs. Mut. Inc. Co.*, 42 Misc.2d 939, 249 N.Y.S.2d 481 (1963); *Union Oil Company of California v. Chandler*, 4 Cal.App. 756, 84 Cal. Rptr. 756 (Ct.App. 1st Dist. Cal.1970).