■ AMERICAN SOCIETY OF COMPOSERS, AUTHORS AND PUBLISHERS, by its President STANLEY ADAMS, Respondent, v SPANISH INTERNATIONAL COMMUNICATIONS CORP., Appellant. — Order, Supreme Court, New York County (Ryp, J.), entered December 8, 1980, granting plaintiff's motion (1) to dismiss the affirmative defenses in defendant's answer; (2) for summary judgment as to defendant's liability on certain licenses; and (3) for an immediate trial on damages, unanimously affirmed, with costs. This is an action to recover money allegedly due plaintiff under certain licensing agreements which granted permission to defendant's television stations to broadcast copyrighted musical compositions. The record discloses no factual issue as to defendant's failure to pay plaintiff money due under the agreements in question. The principal issue on this appeal is presented by defendant's claim, embodied in affirmative defenses dismissed at Special Term, that the agreements sued upon violated sections 1 and 2 of the Sherman Act, as amended (US Code, tit 15, §§ 1, 2), and section 340 of the New York General Business Law. Under the circumstances presented, we find the proposed defenses legally insufficient. In affirming Special Term's order we do not decide whether or not the licensing agreements in fact are violative of the antitrust laws. It suffices to note that these agreements have been authoritatively determined not to be invalid on their face. (See *Broadcast Music v CBS,* 441 US 1; cf. *Columbia Broadcasting System v ASCAP,* 620 F2d 930.) The principle is well established that alleged violation of the antitrust laws "is not a defense to an action for services rendered unless the plaintiff in order to prove a prima facie case must also inevitably prove an illegal act." *(Allied Bldg. & Airport Servs. v 101-103 Park Ave.,* 54 AD2d 852; see, also, *New York Stock Exch. v Goodbody & Co.,* 42 AD2d 556; *American Broadcasting-Paramount Theatres v American Mfrs. Mut. Ins. Co.,* 42 Misc 2d 939, 943; *Kelly v Kosuga,* 358 US 516.) We are also informed that a class action

has been instituted in the Federal court which presents the issues sought here to be raised as a defense. Concur — Murphy, P. J., Birns, Sandler, Bloom and Fein, JJ.