OPINION OF THE COURT
Harold J. Hughes, J.
The defendant Madeline Buonagurio moves for an order dismissing the complaint for failure to state a cause of action or, in the alternative, for summary judgment.
This is an action by a physician seeking to recover damages allegedly sustained as the result of the institution of a baseless medical malpractice action. The identical complaint was before this court upon the motion of a codefendant, Mrs. Buonagurio’s attorney, to dismiss the complaint against him for failing to state a cause of action. The court held that the complaint did not state a legally cognizable claim against the attorney and that holding was ultimately affirmed by the Court of Appeals (Drago v Buonagurio, 89 Misc 2d 171, revd 61 AD2d 282, revd 46 NY2d 778). The present motion to dismiss is predicated in part upon the prior decision which stated that:
“[T]he complaint does not state a cause of action for abuse of process. The gist of the action for abuse of process lies in the improper use of process after it is issued, and not for its issuance * * * Moreover, for this action to lie, there *193 must be a regularly-issued process, civil or criminal, compelling the performance or forebearance of some prescribed act *** The process issued against plaintiff, a summons and complaint in a malpractice action, does not satisfy that requirement * * *
“Nor does the complaint state a cause of action for malicious prosecution, for the reason that there has been no interference with plaintiff’s person or property * * *
“No cause of action for prima facie tort is stated in the absence of any allegation of actual or special damages” (89 Misc 2d, at pp 172-173).
The foregoing determination that this complaint does not state a claim for abuse of process, malicious prosecution, or prima facie tort is binding upon the plaintiff and dispositive upon this motion.
On the prior motion this court went on to hold that no negligence claim was stated against Mr. Brownstein because “[t]he courts of this State have consistently held that an attorney is not liable to third parties for the negligent performance of his obligations to a client, even where such negligence results in damage to third parties” (Drago v Buonagurio, supra, p 173). The plaintiff correctly argues that the determination upon the negligence claim asserted against the attorney is not dispositive upon this motion, and if this complaint states a viable claim at all it must be found in the allegations of negligent conduct by Mrs. Buonagurio. Those allegations of negligence are found at the ninth paragraph of the complaint as follows:
“ninth: That the said negligence of the defendant Madeline Buonagurio consisted, among other things, of the following:
“a. In retaining an attorney to investigate a possible malpractice claim without ascertaining the reputation in the community of said attorney for thoroughly investigating all of the facts and circumstances surrounding an inchoate claim in order to determine whether such a claim could be brought and, if so, the actual party or parties responsible therefor;
“b. In taking legal action without reasonable evidence to support the allegations of liability and damage;
*194 “c. In failing to peruse the summons, complaint and bill of particulars in the action commenced in her behalf, both as an administratrix and individually, by the defendant Attorney Jerome D. Brownstein, which would have disclosed that the plaintiff was being improperly sued since he had never treated her husband, a fact well known to this defendant; and
“d. In needlessly harassing plaintiff by manifesting a reckless disregard for the truth and maliciously prosecuting the plaintiff and in failing to exercise any control or concern over the conduct of her agent, Attorney Jerome D. Brownstein.”
The plaintiff asserts that these allegations state a cause of action and that this court should recognize a cause of action for negligent commencement of a medical malpractice suit. The court declines the invitation. Plaintiff first charges Mrs. Buonagurio with negligence in failing to ascertain if her counsel was competent. The determination of the fitness of attorneys to practice law is a decision for the appropriate licensing authority, and not members of the public (Judiciary Law, art 15). The other allegations similarly fail to state a basis for relief. Subjection to civil litigation improperly instituted or maintained through the negligence of a suitor is part of the price citizens pay to live in a free society, and it is only when the civil litigation is instituted with malice and without probable cause that recovery may be had (Burt v Smith, 181 NY 1). Mere negligence in investigating a potential claim will not support recovery (Kallman v Burke, 47 AD2d 515, 516). A contrary holding would unduly inhibit the recourse to the courts for the resolution of honest disputes. The imposition of costs is the sole deterrent and compensation afforded a person subjected to unfounded litigation.
Looking behind the faces of the pleading, the affidavit of plaintiff’s counsel, sworn to May 7, 1981, in opposition to this motion establishes that he and his client are aware that they do not have a negligence claim against Mrs. Buonagurio, when, in paragraph 7, counsel states: “The unfounded suit was intentionally brought and not the result of mere carelessness”.. Thus, plaintiff has made his position abundantly clear that he seeks to recover by *195 reason of the malevolent, purposeful acts of defendant Buonagurio. Such a theory simply does not sound in negligence. The Court of Appeals long ago held, “Negligence, whatever be its grade, does not include a purpose to do a wrongful act” (Reno v Bull, 226 NY 546, 551).
Were this court to reach the merits, summary judgment in the defendant’s favor would be warranted. Because the previous motion was to dismiss for failure to state a cause of action, this court as well as the appellate courts were required to assume that the allegations of the complaint were true (Drago v Buonagurio, 89 Misc 2d 171, 172, supra). One of those allegations was that no basis existed for naming Dr. Drago as a defendant in the medical malpractice action and that he was named as a defendant solely out of malice and improper motives. That allegation has been repeated in the affidavits offered in opposition to this motion. Upon a motion for summary judgment the court is free to disregard conclusory allegations and look to the evidence. The facts in this case as to why Dr. Drago was sued have been established by the Appellate Division in its decision in Buonagurio v Drago (65 AD2d 830, mot for lv to app den 46 NY2d 708) as follows: “Defendant Drago was included as a defendant solely because his name appears printed in the lower right-hand corner of each of two pages of an electrocardiogram report prepared following tests performed on decedent at defendant Ellis Hospital * * * In his affidavit, Dr. Drago states that based upon a review of his records and his personal recollection he never examined, diagnosed or treated the decedent. Defendant Shankar’s affidavit states that he prepared the electrocardiogram reports in question, that his signature appears on that report and that to the best of his knowledge the statements contained in Dr. Drago’s affidavit are true.”
Thus, the Appellate Division has determined that the reason Dr. Drago was named a defendant in the medical malpractice action was not because Mrs. Buonagurio or her attorney bore him malice as here alleged, but because his name appeared on an electrocardiogram report. The court does not believe that a lay person encountering the name of a prominent professional upon a health record has an obligation to contact that professional to determine if the *196 report is in fact his. It is time to put this litigation to final repose.
The motion of defendant Madeline Buonagurio for an order dismissing the complaint for failure to state a cause of action shall be granted, without costs.