■ NORMAN GONYEA, Respondent, v AVIS RENT A CAR SYSTEM, INC., Appellant, et al., Defendant. — Appeal from an order of the County Court of Schenectady County (Doran, J.), entered February 6, 1981, which denied defendant Avis Rent A Car System, Inc.'s, motion to dismiss the action for failure to serve settlement papers. Plaintiff commenced an action for property damage to his motor vehicle as a result of an automobile accident with a vehicle owned by Avis Rent A Car System, Inc. (Avis). The complaint was served on October 10, 1975 and issue was joined on October 13, 1975. After discovery proceedings were had, a note of issue was filed in the County Court of Schenectady County on March 11, 1976. On September 20, 1979, the matter

was conferenced before the County Judge with both sides represented by counsel. The parties settled the case for the sum of $1,425 and the case was stricken from the calendar. The stipulation of settlement was not stenographically recorded. After several written requests by Avis' attorney for settlement papers went unanswered, Avis moved to dismiss plaintiff's action for failure to carry out the settlement agreement. The motion was denied and the case was ordered restored to the Trial Calendar. This appeal ensued. CPLR 2104 requires that all stipulations be written and subscribed by those to be bound, unless made in open court. If made in open court, the stipulation should be taken down by the stenographer. The purpose is to assure irrefutable proof of the agreement since a motion court "cannot be asked to divine what was in counsel's mind or to seek the intent from other evidence" *(Columbia Broadcasting System v Roskin Distrs.,* 31 AD2d 22, 24, affd 28 NY2d 559; see Siegel, New York Practice, § 204, p 241). Here, counsel for plaintiff asserts that at the time of the oral agreement of settlement he believed that all parties understood that the settlement was subject to the approval of the plaintiff who was not present at the conference in the Judge's chambers. Compliance with CPLR 2104 would have removed any need for speculation as to whether the agreement was conditional. Further, the Court of Appeals in *Teitelbaum Holdings v Gold* (48 NY2d 51, 56) stated "the presumption in the normal case should be that an action is not automatically terminated merely because an agreement to settle has been made. This presumption may be overcome only upon a showing that the parties have executed an express, unconditional stipulation of discontinuance, or have entered judgment in accordance with the terms of the settlement." No such showing was made by Avis herein. Order affirmed, without costs. Mahoney, P.J., Sweeney, Casey, Weiss and Herlihy, JJ., concur.