■ ROBERT W. KAHN et al., Appellants-Respondents, v WILLIAM S. FRIEDLANDER, Respondent-Appellant. — Cross appeals from an order of the Supreme Court at Special Term (Pennock, J.), entered October 9, 1981 in Albany County, which (1) compelled plaintiffs to accept defendant's notice of appearance and ordered plaintiffs to serve a complaint, and (2) denied defendant's motion to dismiss the cause of action for failure to serve a complaint. Appeal from an order of the Supreme Court at Special Term (Hughes, J.), entered January 5, 1982 in Albany County, which granted defendant's motion to dismiss the complaint for failure to state a cause of action. Quite some time ago, the precise date is not indicated, plaintiffs in this action were retained by a Mr. Kwasney to represent him in a matrimonial action. The relationship turned out to be less than harmonious with the result that plaintiffs sued Mr. Kwasney for services allegedly rendered in his behalf. The latter then retained defendant who, according to plaintiffs, threatened to bring a baseless malpractice suit against them unless they discontinued their lawsuit against his client, reimbursed the legal fees charged Mr. Kwasney and paid defendant's fee. Plaintiffs' response to the alleged threat was to commence this action against defendant by service of a summons on March 2, 1981 demanding $3,000,000 in damages for "Prima Facia Tort, Abuse of Legal Process, Defamation, Libel and Slander". Defendant contends, and plaintiffs vehemently deny, that he was granted an extension of time within which to respond to the summons and that he served the notice of retainer on March 24, 1981, a date well within the extension granted. Little more happened until September 15, 1981 when defendant moved to dismiss the action for the failure of plaintiffs to serve a complaint (CPLR 3012, subd [b]). Plaintiffs immediately cross-moved for an order pursuant to CPLR 320 and 3215 seeking a default based upon defendant's failure to appear in the action. Special Term ordered plaintiffs to accept the notice of appearance which they had rejected and returned to defendant and to serve a complaint within 10 days, and denied all other relief sought including plaintiffs' motion for a default judgment. Both parties appealed from that order (Order No. 1). After plaintiffs served the complaint in compliance with that order, defendant moved to dismiss it upon the ground that it failed to state a cause of action or, alternatively, for an order requiring plaintiffs to separately state the causes. Plaintiffs cross-moved seeking a stay pending the appeal from Order No. 1. Special Term denied the stay and granted defendant's motion to dismiss the complaint (Order No. 2). ORDER NO. 1 We find no validity to defendant's contention that the notice of appearance was properly served because of the supposedly granted extension of time. It is well established that such an agreement, if it is to be binding, must be in writing and subscribed by the party charged (CPLR 2104; see *Columbia Broadcasting System v Roskin Distrs.,* 31 AD2d 22, 24, affd 28 NY2d 559; *Gonyea v Avis Rent A Car System,* 82 AD2d 1011, 1012). Hence, the lack of timely service was due to law office failure. To excuse such a failure is a clear abuse of discretion inasmuch as each party is entitled to expect the other to observe time requirements during the course of litigation (*Eaton v Equitable Life Assur. Soc. of U. S.,* 56 NY2d 900, 902-903; *Barasch v Micucci,* 49 NY2d 594). Special Term erred in ordering plaintiffs to accept service of the notice of appearance and to serve a complaint. Nonetheless, even though defendant was inexcusably

in default and plaintiffs entitled to seek a default judgment (*Card v Polito,* 55 AD2d 123), on the record, as then constituted, plaintiffs were properly denied that relief because no complaint had then been served and the affidavit by plaintiffs of the facts constituting the claim and amount due was woefully inadequate and clearly insufficient (CPLR 3215, subds [b], [e]). ORDER NO. 2 Defendant's motion for a dismissal of the complaint, ultimately served in accordance with Order No. 1, for its failure to state a cause of action was properly granted. Though untitled, the complaint alleges actions sounding in abuse of process, prima facie tort, defamation, and fraud and deceit. Defendant's motion to dismiss presented Special Term with the question of whether or not, on its face, the complaint was sufficient and plaintiffs must be given the benefit of every possible favorable inference (*Rovello v Orofino Realty Co.,* 40 NY2d 633). However, the allegations must be sufficiently particular and include the material elements of each cause of action so as to provide notice of the essential facts, and special provisions require particularity of statements (*Foley v D'Agostino,* 21 AD2d 60). Examination of the complaint supports Special Term's conclusion that as to each cause of action an essential element is missing. A cause of action for abuse of process must be based upon more than the institution of an action and may survive only if actual or special damages are alleged (*Cunningham v State of New York,* 77 AD2d 756, mod 53 NY2d 851). Likewise a cause of action for prima facie tort must contain an allegation of actual or special damages (*Drago v Buonagurio,* 89 Misc 2d 171, 173, revd 61 AD2d 282, revd 46 NY2d 778). As to the alleged cause of action for defamation, there is a requirement that the particular words uttered and complained of be set forth in the complaint (CPLR 3016, subd [a]). No such language is set forth herein. Lastly, in a cause of action for fraud and deceit the complaint must contain an allegation of a representation of fact which is either untrue or recklessly made for the purpose of deceiving the other party (*Jo Ann Homes at Bellmore v Dworetz,* 25 NY2d 112, 119). The alleged threats set forth at bar can in no way be deemed to satisfy this basic requirement. Accordingly, Special Term was correct in dismissing the complaint and Order No. 2 must be affirmed. Order, entered October 9, 1981, modified, on the law, by reversing so much thereof as required plaintiffs to accept the notice of retainer and serve a complaint, and, as so modified, affirmed, without costs. Order entered January 5, 1982, affirmed, without costs. Mahoney, P. J., Sweeney, Main, Mikoll and Yesawich, Jr., JJ., concur.