St. James Condominium Board, Respondent, v Andrew Newcorn et al., Appellants, and Dime Savings Bank of New York, FSB, et al., Respondents. Dime Savings Bank of New York, FSB, Respondent, v Andrew Newcorn et al., Appellants, and Rols Capital Co. et al., Respondents.

The Newcorns defaulted on their condominium mortgage and Dime Savings Bank ("Dime") consequently commenced this foreclosure action in December 1986. St. James Condominium Board ("St. James") also commenced an action in May 1987 against the Newcorns to foreclose on its lien for unpaid common charges. Both Dime's and St. James' motions for summary judgment and appointment of a Referee were consolidated and granted on September 20, 1988 by the IAS Court.

Thereafter, Dime negotiated with the Newcorns to restructure their mortgage. However, the ultimate closing date for the new commitment, scheduled for August 8, 1990, was ignored by the Newcorns even though it was previously confirmed by their attorney. Accordingly, the new commitment expired.

In February 1991, the Newcorns moved to amend their answer in the foreclosure action to assert four affirmative defenses and counterclaims. The IAS Court denied the motion noting that summary judgment had been granted long ago, that the motion appeared to be an attempt to further delay foreclosure and that the new claims did not constitute a defense to the foreclosure actions. The court noted that defendants would have to institute a separate action if they felt their new counterclaims were meritorious.

Contrary to the Newcorns' assertion that the IAS Court should have allowed the amendment of the pleadings "as a matter of course", the IAS Court properly denied the motion since the Newcorns failed to demonstrate any merit to the proposed counterclaims. *(See, Nab-Tern Constructors v City of New York,* 123 AD2d 571; *and see, Allied Bldg. & Airport Servs. v 101-103 Park Ave.,* 54 AD2d 852.) Indeed, the claims for breach of contract, specific performance, intentional infliction of emotional distress and conspiracy between Dime and St. James are all insufficient as a matter of law. Moreover, even though the proposed claims are related to the issues of law and fact of the original pleadings, the proposed claims are based on events which occurred after the mortgage default and, thus, would only be cognizable in a new action. *(See, Marine Midland Bank v Cafferty,* 174 AD2d 932, 935-936.) Concur—Wallach, J. P., Kupferman, Ross, Asch and Rubin, JJ.