Memorandum. The order of the Appellate Division should
 
 *979
 
 be affirmed. Avon Products, Inc., entered into a lease, an amended lease and a supplementary lease, all for space in the Solow Building at 9 West 57th Street, Manhattan. Seeking commissions as the procuring cause of said leases, Williams Real Estate Co., Inc. (Williams), brought suit against Solow Development Corporation and Sheldon H. Solow (together designated as Solow). While acknowledging Williams as broker on the first two leases, Solow asserted that there was no broker involvement on the third. Solow denied an alleged agreement to pay real estate board commissions and claimed that the board rates were illegal, being violative of antitrust law.
 

 In a related suit, Cushman & Wakefield, Inc., sought damages from Solow for the latter’s alleged breach of a contract under which the former was to be exclusive renting and management agent for the Solow Building for a five-year period. The contract provided for a yearly fee plus full real estate board commissions on leases which Cushman & Wake-field procured and one-half commissions on leases procured by other brokers, with a ceiling of $150,000 on the total of all such half commissions. Included in Cushman & Wakefield’s suit was a claim for $150,000 in half commissions for the first two Avon leases on which Williams, concededly, was the broker and for a full commission on the third, on the ground that no outside broker had been involved.
 

 The jury, by special verdict, found Williams to have been the procuring cause of all three leases. It further found that there was no agreement between Solow and Williams for payment of real estate board commissions, and its verdict for Williams for $1,300,000 on the first two leases and $400,000 on the third was based upon the reasonable value of Williams’ services. As to the Cushman & Wakefield claims, the jury found that Solow had wrongfully terminated the agreement and awarded damages in the amount of $39,250 based on loss of profit on the management contract. The jury awarded an additional $150,000 to Cushman & Wakefield in half commissions on the first two leases. The Appellate Division affirmed except as to the award to Williams on the third lease. As to that, a new trial was ordered, unless Williams consented, as it did, to a reduction in the award from $400,000 to $100,000.
 

 Although challenged on this appeal as being one of law, the question as to whether Williams was a procuring cause of the third lease was one of fact and thus properly submitted to the
 
 *980
 
 jury, as was the question of whether Cushman & Wakefield had been wrongfully discharged.
 

 The viable question for our consideration on this appeal relates to the real estate board’s recommended rates and the propriety of their application here. The argument is twofold. Solow contends that it was error for the Trial Justice to strike the affirmative antitrust defense in the contract action. Since, however, the jury found that there was no contract in this regard and that Williams was relegated to recovery in
 
 quantum
 
 meruit, the question is now moot.
 

 On the case in
 
 quantum meruit,
 
 the court charged,
 
 inter alia,
 
 that the real estate board schedule of recommended rates could be considered as some evidence of reasonable value but, was not binding. While Solow had requested a contrary charge, that the jury not consider the board rates on the question of reasonable value, Solow will not be heard to complain of error in view of the fact that their attorney stipulated to receipt of the real estate board recommended rates into evidence and, through their own expert, Geller, elicited testimony that said rates were used as an upper guideline in these negotiations, as well as in others in the industry.
 

 Chief Judge Bkeitel and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Cooke concur.
 

 Order affirmed, with costs to plaintiff Williams Real Estate Co., Inc., only against the other parties, in a memorandum.