■ PETROLEUM EVALUATION & MANAGEMENT CO., INC., Respondent, v NATIONAL INDUSTRIES, INC., Appellant.—Judgment, Supreme Court, New York County, entered October 18, 1974, after trial to a jury, unanimously affirmed. Respondent shall recover of appellant $60 costs and disbursements of this appeal. A 1967 written contract between the parties provided that plaintiff was to receive a certain described fee "if any or all of the oil and gas interests of [defendant's wholly owned subsidiary] were sold to * * *

persons or entities introduced by" plaintiff. It was undisputed that such a sale was made in 1974 to a company which had been so introduced in 1969. Though defendant argued in answer and at trial that plaintiff was not the procuring cause, plaintiff insisted on its perhaps simplistic view of the issue: was plaintiff entitled to a finder's fee because of the introduction? And the jury held it was. And this was sufficient to sustain a recovery. "It is possible for a finder to accomplish his service by making only two phone calls and, if the parties later conclude a deal, he is entitled to his commission" *(Minichiello v Royal Business Funds Corp.,* 18 NY2d 521, 527). By implication, the jury found against defendant on its argument that plaintiff was not the procuring cause of the final deal, as well as on its claim the deal had been abandoned, and a claim that the property sold was other than that identified in the contract. In sum, this was a simple question of fact, decided on ample evidence by a jury properly charged. Concur—Murphy, P. J., Lupiano, Silverman, Markewich and Yesawich, JJ.