■ HERBERT KRONISH, Respondent, v MILTON A. KOFFMAN et al., Appellants. [605 NYS2d 79] —Amended judgment of the Supreme Court, New York County (Martin Stecher, J.), entered March 30, 1993 which, after a bench trial, awarded plaintiff the sum of $749,543.05, plus interest, unanimously affirmed, with costs. Appeal from the original judgment of the same court and Justice, entered September 3, 1992, unanimously dismissed as superceded.

The facts of this case, as found by Supreme Court, are as follows. Burton Koffman, together with his father Milton Koffman, is a principal of defendant S.N.L. Realty Corp. At a luncheon meeting held on February 20, 1981, during which plaintiff unsuccessfully attempted to regain the Koffmans as

clients of his law firm, plaintiff was engaged by Burton Koffman to obtain a buyer for a tract of land located in the area of Delray Beach, Florida. Plaintiff subsequently arranged a meeting between members of the Koffman family and Stanley Katz, Esq. which was held on June 16, 1981. As a direct result of this meeting, the property was ultimately sold by Atlantic Avenue West Partnership, in which S.N.L. Realty was a general partner, to Rainberry Developers, Inc., in which Katz and his partner Richard Siemans each held a 40% interest.

As we noted in *Claridge Gardens v Menotti* (160 AD2d 544, 544-545), "On a bench trial, the decision of the fact-finding court should not be disturbed upon appeal unless it is obvious that the court's conclusions could not be reached under any fair interpretation of the evidence, especially when the findings of fact rest in large measure on considerations relating to the credibility of witnesses." The evidence supports Supreme Court's determination that plaintiff was entitled to a commission for the sale of the Florida property. We agree with the conclusion that defendants, as sophisticated businessmen, could not have reasonably believed that they were retaining plaintiff as a lawyer rather than in the capacity of business broker or finder.

The distinction sought to be drawn by defendants between services rendered by a "finder" and those of a "broker" is inapt. They argue, on this appeal, that "Kronish was not a finder" because principals of the seller and buyer (specifically, Milton Koffman and Stanley Katz) already knew each other.

Whether plaintiff was engaged as "finder" or "broker" is immaterial because judgment was clearly awarded in quantum meruit. Supreme Court stated, "I am not satisfied from the evidence that Burton Koffman expressly retained Herbert Kronish to act as a broker or finder for the sale of the Florida land at the time of their luncheon on February 20, 1981. It is not necessary, however, that a contract of employment of a broker/finder be established by proof of 'an express and original agreement that the services should be rendered;' it is sufficient to provide facts 'showing * * * a conscientious appropriation of the labors of the broker' *(Sibbald v The Bethlehem Iron Co.,* 83 NY 378, 380)."

Supreme Court viewed plaintiff's capacity as that of finder, stating that "it can be inferred from the circumstances that Mr. Kronish was engaged as a finder and not as a broker" (citing *Minichiello v Royal Bus. Funds Corp.,* 18 NY2d 521, 527). However, it observed that "even if he had been engaged as a broker he was prevented from performing as such on the

express instructions of Milton Koffman." Significantly, the authority cited by the court casts doubt on "any definite distinction between finders and brokers" but goes on to suggest that it might be found in the lesser services required to be rendered by a finder in order to support recovery of a fee *(supra,* at 527). In any event, plaintiff is entitled to a commission based upon Supreme Court's express findings that he rendered services as a finder and that he was prevented from performing services as a broker *(Simon v Electrospace Corp.,* 28 NY2d 136, 142).

It should be emphasized that there is no authority for the proposition advanced by defendants that a finder cannot recover a commission if the parties to the underlying transaction have previously been introduced. This Court set forth the criteria for recovery of a finder's fee in *Simon v Electrospace Corp.* (32 AD2d 62, 66, *mod* 28 NY2d 136, *supra* [modified as to damages]): "If a transaction ultimately entered upon is a direct result of the disclosure of the opportunity by the finder the latter is entitled to his compensation." Thus, it is not merely the introduction of the parties but the nature and purpose of their meeting which is significant in assessing the role of the finder in the transaction.

Defendants' argument attempts to elevate form over substance. It is apparent from Supreme Court's findings that the Koffmans desired plaintiff to locate a purchaser for the Delray Beach property. As a direct consequence of plaintiff's success in bringing Stanley Katz to a discussion concerning the acquisition of the property, it was sold *(compare, Portman Am. Corp. v Ratner,* 57 AD2d 811). Having received the benefit of plaintiff's services, defendants would be unjustly enriched if they were not required to compensate him, whatever terminology may be employed to describe the services rendered *(Isaacs v Incentive Sys.,* 52 AD2d 550).

Contrary to defendants' contention, whether or not plaintiff was the procuring cause of the sale is a question of fact *(Williams Real Estate Co. v Solow Dev. Corp.,* 38 NY2d 978, 979-980; *Petroleum Evaluation & Mgt. Co. v National Indus.,* 58 AD2d 772, 773). Therefore, testimony to the effect that previous discussions took place during which Richard Siemans concluded that the property was to be offered for sale presents no more than an issue for resolution by the trier of fact, even assuming the circumstances can be construed to establish disclosure of the opportunity as defendants urge.

A commission of 3% was reasonable, as established at trial,

and was earned whether or not the final stage payment under the purchase contract was made *(Hecht v Meller,* 23 NY2d 301). Concur—Sullivan, J. P., Ross, Kassal, Rubin and Nardelli, JJ.