■ ROBERT M. GREGORY, Appellant, v UNIVERSAL CERTIFICATE GROUP LLC, Respondent. [822 NYS2d 495]—

Order, Supreme Court, New York County (Faviola A. Soto, J.), entered August 17, 2005, which, inter alia, denied plaintiff's motion for partial summary judgment on his first cause of action to recover a finder's fee of $16,250, unanimously affirmed, without costs.

Plaintiff seeks recovery of a finder's fee under a provision of his "consulting services agreement" with defendant which states, "If the Consultant introduces the Company to another party or entity that is acceptable to the company . . . and, as a

result of such introduction, a Financing Transaction between such party or entity and the Company is consummated . . . the Company shall pay to Consultant a fee (the 'Financing Finder's Fee') payable in cash equal to 6.5% of the Consummated Financing in question." The moving papers asserted that in June 2004, a $250,000 bridge loan, to be repaid by the end of the calendar year, was extended by a lender named Steve Perry, whom plaintiff had introduced to defendant, thereby obligating payment of the finder's fee.

In opposition, defendant conceded that plaintiff had introduced Perry to G. Edward Brookshire, defendant's chief operating officer, in January 2004. However, defendant argued that the bridge loan is not a "Consummated Financing" within the contemplation of the consulting services agreement and that, in any event, plaintiff had actively dissuaded Perry from joining defendant, telling him that any money he might invest in the company would be lost. According to Brookshire's opposing affidavit, negotiations broke off because "Plaintiff engaged in unilateral, ex-parte, and unauthorized discussions with Perry, whereby Plaintiff disclosed numerous items of confidential business, operations, and financial information . . . As a result of Plaintiff's willful misconduct and gross negligence here, Perry withdrew from the subject negotiations and decided not to pursue a relationship with UNIVERSAL . . . Instead, I independently contacted Perry in May 2004, to discuss potential employment with UNIVERSAL."

We agree with plaintiff that the terms of the governing agreement are unambiguous and that the subject bridge loan constitutes a "[f]inancing [t]ransaction" (*see P.T. Bank Cent. Asia, N.Y. Branch v ABN AMRO Bank N.V.*, 301 AD2d 373, 374 [2003] [financing involving bridge loan transaction]), a term that is afforded a broad construction (*e.g. Sage Realty Corp. v Proskauer Rose*, 251 AD2d 35 [1998] [mortgage]; *Bankers Trust Co. v Bernstein*, 169 AD2d 400 [1991] [aircraft leverage lease]; *Chemical Bank v Meltzer*, 93 NY2d 296, 302 [1999] [suretyship arrangement]). However, whether a finder is the "procuring cause" of a transaction so as to be entitled to a fee is a question of fact to be decided on the evidence (*Kronish v Koffman*, 199 AD2d 136, 138 [1993]; *Petroleum Evaluation & Mgt. Co. v National Indus.*, 58 AD2d 772, 773 [1977]). Where, as here, the opposing affidavits raise a question as to whether there was "a direct and proximate link, as distinguished from one that is indirect and remote, between the bare introduction and the consummation" (*Greene v Hellman*, 51 NY2d 197, 206 [1980]), summary judgment must be denied (*Kenneth D. Laub & Co. v*

*101 Park Ave. Assoc.*, 101 AD2d 744 [1984]; *cf. De Fren v Russell*, 71 AD2d 416, 418 [1979] [summary judgment warranted due to failure of opposing proof]). Concur—Tom, J.P., Andrias, Gonzalez and Sweeny, JJ.