■ ANDREW NEMEROFF, Respondent, v THE COBY GROUP et al., Appellants. [864 NYS2d 25]—

Order, Supreme Court, New York County (Michael D. Stallman, J.), entered March 10, 2008, which, upon reargument, adhered to a prior order denying defendants' motion for summary judgment dismissing plaintiff's causes of action for quantum meruit and unjust enrichment, and vacated that portion of the prior order that rejected plaintiff's claim that he was entitled to a finder's fee, unanimously reversed, on the law, with costs, the motion granted and said causes of action and claim dismissed. Appeal from the prior order, same court and Justice, entered April 5, 2007, unanimously dismissed, without costs, as superseded by the appeal from the later order.

Plaintiff, a licensed real estate broker, contends that a transaction in which defendants "flipped" property for a profit of $15 million would not have happened but for the involvement of nonparties Alex Adjmi and Robert Cayre whom he brought into the transaction through his role as a broker or finder. Despite numerous allegations in plaintiff's appellate brief and before the motion court, there is no evidence of record that supports plaintiff's position that the transaction would not have happened without Adjmi and Cayre, or that Adjmi and Cayre would not have participated in the transaction but for plaintiff's introducing them to defendants. Similarly, there is no evidence that defendants consciously appropriated plaintiff's services, that plaintiff reasonably expected to be compensated therefor, or that defendants recognized the value of the services (see *Curtis Props. Corp. v Greif Cos.*, 212 AD2d 259, 266-267 [1995]). There is also no evidence to support the cause of action for unjust enrichment: namely, that plaintiff helped lay the "groundwork" for the transaction and that the services he provided were "instrumental to the realization of [defendants'] gain" (*Galbreath Riverbank v Sheft & Sheft*, 273 AD2d 35, 36 [2000]; *see also Korff v Corbett*, 18 AD3d 248, 251 [2005]). As to plaintiff's claim of entitlement to a finder's fee, there is no evidence that the services he performed at defendants' behest were proximately linked to the consummated "flip" (*see Gregory v Universal Certificate Group LLC*, 32 AD3d 777, 778-779 [2006]; *see also Northeast Gen. Corp. v Wellington Adv.*, 82 NY2d 158, 162-163 [1993]). Indeed, there is no evidence that plaintiff had anything at all to do with the "flip" of the property.

It is black letter law in this Department that plaintiff cannot

avoid summary judgment by offering "self-serving affidavits" that have been "tailored to avoid the consequences of [his] earlier testimony" (*Phillips v Bronx Lebanon Hosp.*, 268 AD2d 318, 320 [2000]). The verified complaint and plaintiff's deposition testimony make plain that plaintiff was only entitled to earn a fee if he successfully procured financing and defendants closed on the property in question. It is beyond dispute that plaintiff never obtained financing and that defendant Coby did not purchase the Florida property. The record is clear that Coby completed the "flip" of the property to MCZ Centrum without obtaining any financing. Plaintiff's continued reference to an "industry practice" of compensating a broker merely because the broker was engaged to perform a particular service is also unsupported by any citation to authority or the record.

The "Draft Preliminary Sheet" from Aareal Bank that plaintiff claims supports his position that he had procured financing instead directly rebuts his argument. It simply is not a "final version" of any term sheet evidencing financing, and indeed the record demonstrates that no financing ever took place. Plaintiff's claim in quantum meruit also fails because he proffered no proof as to either the work he actually performed or a "reasonable value" for those alleged services (*Soumayah v Minnelli*, 41 AD3d 390, 391 [2007]; *Geraldi v Melamid*, 212 AD2d 575, 576 [1995]). Concur—Tom, J.P., Saxe, Friedman, Buckley and Catterson, JJ. [*See* 2008 NY Slip Op 30660(U).]