STEPHEN J. CORGAN, Respondent, v THE DIMARCO GROUP, LLC, et al., Appellants. (Appeal No. 2.) [893 NYS2d 909]— Appeal from an order of the Supreme Court, Monroe County (Kenneth R. Fisher, J.), entered December 11, 2008 in a breach of contract action. The order, inter alia, determined that plaintiff is entitled to damages upon the supplemental lease agreement with respect to certain real property following a nonjury trial.

STEPHEN J. CORGAN, Respondent, v THE DIMARCO GROUP, LLC, et al., Appellants. (Appeal No. 4.) [895 NYS2d 270]—

Appeal from a judgment of the Supreme Court, Monroe County (Kenneth R. Fisher, J.), entered April 27, 2009 in a breach of contract action. The judgment awarded damages to plaintiff against defendant The DiMarco Group, LLC following a nonjury trial.

It is hereby ordered that the judgment so appealed from is unanimously affirmed without costs.

Memorandum: Defendants appeal from a judgment rendered following a nonjury trial that awarded damages to plaintiff, a licensed real estate broker, for the breach of the "Professional Services and Fee Agreement" (Agreement) between plaintiff

and defendant the DiMarco Group, LLC (DiMarco Group). Plaintiff established that he was entitled to a commission pursuant to the Agreement because he was the procuring cause of the lease and the supplemental lease agreement between defendant 4110 West Ridge, LLC (4110) and the United States General Services Administration (GSA) (*see Williams Real Estate Co. v Solow Dev. Corp.*, 38 NY2d 978 [1976], *rearg denied* 39 NY2d 832 [1976]; *Getreu v Plaxall Inc.*, 261 AD2d 574 [1999]). Defendants contend for the first time on appeal that, because 4110 is the owner and lessor of the leased property, DiMarco Group is not liable for plaintiff's commissions under the agreement. Defendants further contend, also for the first time on appeal, that the interpretation of the Agreement by Supreme Court leads to commercially unreasonable results. "It is well settled that '[a]n appellate court should not, and will not, consider different theories or new questions, if proof might have been offered to refute or overcome them had those theories or questions been presented in the court of first instance' " (*Ciesinski v Town of Aurora*, 202 AD2d 984, 985 [1994]). Here, plaintiff might have presented evidence to refute or overcome both contentions, and we thus do not consider those contentions on appeal (*see Oram v Capone*, 206 AD2d 839, 840 [1994]).

The court properly concluded, contrary to defendants' position at trial, that nothing in the Agreement provided for its expiration upon plaintiff's employment with DiMarco Group or upon the withdrawal by GSA of its initial solicitation for offers. Although the testimony of the owner of DiMarco Group with respect to his interpretation of the Agreement was to the contrary, "the 'unilateral expression of one party's postcontractual subjective understanding of the terms of [an] agreement . . . [is] not probative as an aid to the interpretation of the [agreement]' " (*Di Giulio v City of Buffalo*, 237 AD2d 938, 939 [1997]). Present—Scudder, P.J., Fahey, Lindley and Green, JJ.