Order, Supreme Court, New York County (Debra A. James, J.), entered September 27, 2011, which, to the extent appealed from as limited by the briefs, granted summary judgment to defendants, dismissed the amended complaint, and dismissed the counterclaims, unanimously modified, on the law, to the extent of reinstating the amended complaint and the counterclaims for breach of fiduciary duty and fraudulent inducement, and otherwise affirmed, without costs.
In this action for breach of a brokerage agreement relating to the sale of Knickerbocker Village, a housing complex consisting of 12 apartment buildings, an issue of fact exists as to whether defendants sellers were adequately apprised of plaintiffs dual representation of both them and a potential buyer. Contrary to defendants’ assertion that they were unaware of plaintiffs dual *424 representation, the evidence establishes that defendants consented to dual representation, the party from whom plaintiff received a buyer’s commission, Taconic Investment Partners (Taconic), was explicitly referenced in the agreement as a potential purchaser, and plaintiff was extensively involved in the negotiations between defendants and Taconic.
The court erred in holding that defendants established, as a matter of law, that defendant Irene Pletka’s signature on the brokerage agreement, as owner of defendant corporate seller Cherry Green Management Corp., was insufficient to bind the corporate seller. There is an issue of fact regarding Ms. Pletka’s ability to bind the corporation since there is evidence that she signed other contracts as president of the corporation, defendants did not proffer any corporate documents requiring the signatures of any additional shareholders to bind the corporation, and there was a course of conduct between the parties which indicates that plaintiff had a binding brokerage agreement in place.
It is undisputed that nonparty Taconic Investment Partners, the party plaintiff introduced to defendants as a potential purchaser, participated, at least indirectly, in the final consummated transaction. Thus, there is an issue of fact regarding whether plaintiff was a procuring cause of the transaction, irrespective of whether that transaction was structured so that a separate entity, and not Taconic, was the actual purchaser (see Gregory v Universal Certificate Group LLC, 32 AD3d 777, 778 [1st Dept 2006]; Coldwell Banker Residential Real Estate v Berner, 202 AD2d 949, 952 [3d Dept 1994]). Defendants’ argument that plaintiff was not involved in the final transaction and that he dissuaded Taconic from increasing its final rejected offer does not eliminate the question of whether plaintiff was a procuring cause of the consummated transaction (Gregory v Universal Certificate Group, 32 AD3d at 778).
Defendants failed to establish, as a matter of law, that the course of dealings with plaintiff did not extend the agreement beyond its June 27, 2007 expiration date (Forman v Guardian Life Ins. Co. of Am., 76 AD3d 886 [1st Dept 2010]). Although the agreement required that its renewal must be in writing, defendants concede that plaintiff was directly involved in the negotiations until June 5, 2007, that he authorized defendants to negotiate directly with Taconic on June 8, 2007, and that they entertained direct offers from Taconic until at least July 21, 2007. They further concede that although Taconic’s final “direct” offer was rejected on July 23, 2007, the purchase agreement was entered into on that same date by KVI Holdings LLC, *425 which is owned, in part, by Taconic. Thus, viewing the evidence in the light most favorable to plaintiff, a “course of dealings” extension of defendants’ duty to pay him a commission has been established.
Even assuming that the brokerage agreement expired prior to the sale of the buildings, this did not extinguish plaintiffs right to recover a commission under the theory of quantum meruit (see Curtis Props. Corp. v Greif Cos., 212 AD2d 259, 262-267 [1st Dept 1995]).
The court improperly dismissed defendants’ counterclaims for breach of fiduciary duty and fraudulent inducement which are independent causes of action. If defendants can establish damages, they are entitled to redress, not merely to dismissal of the complaint. However, the counterclaim for tortious interference with contract was properly dismissed as there is no allegation that any contract between defendants and a third party was actually breached (see Lama Holding Co. v Smith Barney, 88 NY2d 413, 424-425 [1996]). Concur — Tom, J.E, Sweeny, Acosta, DeGrasse and Richter, JJ.