■ CROWN CONSTRUCTION BUILDERS AND PROJECT MANAGERS CORP., Respondent, v FRANCISCO CHAVEZ et al., Defendants, and CARVER FEDERAL SAVINGS BANK, Appellant. [15 NYS3d 114]—

In an action, inter alia, to recover damages for breach of contract and in quantum meruit, the defendant Carver Federal Savings Bank appeals, as limited by its brief, from (1) so much of an order of the Supreme Court, Kings County (Pfau, J.), dated June 12, 2013, as granted that branch of the plaintiff's motion which was for summary judgment on the cause of action seeking to recover damages against it based on quantum meruit in the sum of $416,566.50, and (2) so much of an order of the same court dated February 14, 2014, as denied those

branches of its motion which were for leave to renew its opposition to that branch of the plaintiff's motion which was for summary judgment on the cause of action seeking to recover damages against it based on quantum meruit and, thereupon, for summary judgment dismissing that cause of action insofar as asserted against it.

Ordered that the order dated June 12, 2013, is reversed insofar as appealed from, and that branch of the plaintiff's motion which was for summary judgment on the cause of action seeking to recover damages against the defendant Carver Federal Savings Bank based on quantum meruit in the sum of $416,566.50 is denied; and it is further,

Ordered that the appeal from so much of the order dated February 14, 2014, as denied that branch of the motion of the defendant Carver Federal Savings Bank which was for leave to renew its opposition to that branch of the plaintiff's motion which was for summary judgment on the cause of action seeking to recover damages against it based on quantum meruit in the sum of $416,566.50 is dismissed as academic in light of our determination of the appeal from the order dated June 12, 2013; and it is further,

Ordered that the order dated February 14, 2014, is reversed insofar as reviewed, and that branch of the motion of the defendant Carver Federal Savings Bank which was for summary judgment dismissing the cause of action seeking to recover damages against it based on quantum meruit is granted; and it is further,

Ordered that one bill of costs is awarded to the defendant Carver Federal Savings Bank.

The plaintiff construction company entered into a contract (hereinafter the construction contract) with the defendant Francisco Chavez, the principal of the defendant 1262 Broadway, LLC (hereinafter the Owner), which owned a commercial building. Pursuant to the construction contract, the plaintiff was to furnish all material and perform all work necessary to renovate the Owner's five story building for a contract price of $4,200,000. In order to pay for the work, the Owner obtained a construction loan from the defendant Carver Federal Savings Bank (hereinafter the Bank), which was secured by a mortgage upon the property. Pursuant to the agreement between the Bank and the Owner (hereinafter the loan agreement), the Bank disbursed money from the loan directly to the plaintiff in installments upon proof of completion of certain stages of work, but retained 10% of all such funds to be disbursed to the plaintiff when the project was complete. Under the loan agree-

ment, in the event of the Owner's default, the Bank was entitled to keep all undisbursed funds from the construction loan.

The Owner defaulted under the terms of the loan agreement and the Bank commenced an action to foreclose on the property. The project was not completed, and the plaintiff commenced this action against the Owner and the Bank asserting, inter alia, causes of action sounding in breach of contract and in quantum meruit. The Owner did not appear in the action.

The plaintiff moved for summary judgment on the complaint insofar as asserted against the Bank, submitting evidence that it completed certain work prior to the Owner's default, that such work had been approved by the Bank, and that the plaintiff had been paid 90% of the billed amounts for such work while the Bank retained $416,566.50 in undisbursed funds. The Bank opposed the plaintiff's motion.

In the order appealed from dated June 12, 2013, the Supreme Court, inter alia, granted the plaintiff's motion for summary judgment on the cause of action seeking to recover damages against the Bank based on quantum meruit in the sum of $416,566.50, determining that the Bank was liable to the plaintiff in that amount. In addition, upon searching the record, the Supreme Court awarded summary judgment to the Bank dismissing several, but not all, of the causes of action insofar as asserted against it. Thereafter, the Bank moved, inter alia, for leave to renew its opposition to that branch of the plaintiff's motion which was for summary judgment on the quantum meruit cause of action insofar as asserted against it and, thereupon, for summary judgment dismissing the quantum meruit cause of action insofar as asserted against it. In the order appealed from dated February 14, 2014, the Supreme Court, inter alia, denied those branches of the Bank's motion.

A plaintiff seeking to recover on a cause of action sounding in quantum meruit must demonstrate "(1) the performance of services in good faith, (2) the acceptance of the services by the person to whom they are rendered, (3) an expectation of compensation therefor, and (4) the reasonable value of the services allegedly rendered" (*Stephan B. Gleich & Assoc. v Gritsipis*, 87 AD3d 216, 222 [2011]; *see JSO Assoc., Inc. v Price*, 104 AD3d 737, 738 [2013]; *AHA Sales, Inc. v Creative Bath Prods., Inc.*, 58 AD3d 6, 19 [2008]). Here, the plaintiff failed to establish its entitlement to judgment as a matter of law on its cause of action seeking to recover damages against the Bank based on quantum meruit, as it failed to submit any evidence of the value of any services it may have performed which were ac-

cepted by the Bank (*see Nemeroff v Coby Group*, 54 AD3d 649, 651 [2008]; *Geraldi v Melamid*, 212 AD2d 575, 576 [1995]). The plaintiff does not dispute that the sum of $416,566.50 represents the amount it was owed for work it performed pursuant to its construction contract with the Owner and prior to any default by the Owner, and it does not dispute that it previously received the other 90% of the payment owed for those services. The plaintiff's evidence that the Bank retained the sum of $416,566.50, pursuant to the loan agreement between the Bank and the Owner, for work performed by the plaintiff prior to the Owner's default, is not evidence of the value of any services accepted by the Bank. Moreover, the remaining 10% of funds that were to be disbursed to the plaintiff pursuant to the loan agreement when the project was complete are also not evidence of the reasonable value of services rendered which were accepted by the Bank, so as to establish prima facie entitlement to quantum meruit. Accordingly, the Supreme Court should have denied that branch of the plaintiff's motion which was for summary judgment on the cause of action seeking to recover damages against the Bank based on quantum meruit in the sum of $416,566.50.

The Bank established its prima facie entitlement to judgment as a matter of law dismissing the quantum meruit cause of action insofar as asserted against it through the submission of the construction contract between the plaintiff and the Owner, which specifically outlined the contractor's work on the project (*see Spectrum Painting Contrs., Inc. v Kreisler Borg Florman Gen. Constr. Co., Inc.*, 64 AD3d 565, 577 [2009]; *Empire State Fuel Corp. v Warbasse-Cogeneration Tech. Partnership, L.P.*, 58 AD3d 534 [2009]; *Bellino Schwartz Padob Adv. v Solaris Mktg. Group*, 222 AD2d 313 [1995]; *see also Clark-Fitzpatrick, Inc. v Long Is. R.R. Co.*, 70 NY2d 382, 388 [1987]). In opposition, the plaintiff failed to raise a triable issue of fact. Accordingly, the Supreme Court should have granted that branch of the Bank's motion which was for summary judgment dismissing the quantum meruit cause of action insofar as asserted against it.

In light of the foregoing, the appeal from so much of the order dated February 14, 2014, as denied that branch of the Bank's motion which was for leave to renew its opposition to that branch of the plaintiff's motion which was for summary judgment on the cause of action seeking to recover damages against it based on quantum meruit in the sum of $416,566.50 has been rendered academic (*see People v Cook*, 128 AD3d 928 [2015]; *DiLapi v Saw Mill Riv., LLC*, 122 AD3d 896, 901 [2014]). Skelos, J.P., Hall, Roman and Duffy, JJ., concur.