LHWS LLC v S.L. Green Realty Corp. (2022 NY Slip Op 03574)





LHWS LLC v S.L. Green Realty Corp.


2022 NY Slip Op 03574


Decided on June 02, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: June 02, 2022

Before: Manzanet-Daniels, J.P., Kapnick, Shulman, Rodriguez, Higgitt, JJ. 


Index No. 653401/20 Appeal No. 16064 Case No. 2021-04529 

[*1]LHWS LLC, Plaintiff-Respondent-Appellant,
v
S.L. Green Realty Corp., Defendant-Appellant-Respondent.


Cyruli Shanks & Zizmor, LLP, New York (James E. Schwartz of counsel), for appellant-respondent.
Rosenfeld & Kaplan, LLP, New York (Steven M. Kaplan of counsel), for respondent-appellant.



Order, Supreme Court, New York County (Andrea Masley, J.), entered November 26, 2021, which granted defendant SL Green's motion to dismiss to the extent of dismissing LHWS's fourth cause of action for a declaratory judgment and otherwise denying SL Green's motion to dismiss LHWS' first, second, and third causes of action, unanimously affirmed, with costs.
A real estate broker claiming entitlement to an earned commission must allege that the broker was "the procuring cause of the transaction, meaning that there must be a direct and proximate link, as distinguished from one that is indirect and remote, between the introduction by the broker and the consummation of the transaction" (SPRE Realty, Ltd. v Dienst, 119 AD3d 93, 98 [1st Dept 2014] [internal quotation marks omitted]). While meeting the procuring cause "standard requires something beyond a broker's mere creation of an amicable atmosphere or an amicable frame of mind that might have led to the ultimate transaction," the broker need not control the transaction, and the "broker need not negotiate the transaction's final terms or be present at the closing" (id. at 99 [internal quotation marks omitted]). The requirement to plead facts showing that the plaintiff was the procuring cause applies equally to causes of action sounding in breach of contract and quasicontract, such as claims for quantum meruit and unjust enrichment (see Capin & Assoc., Inc. v Herskovitz, 194 AD3d 565, 565-566 [1st Dept 2021]).
On this pre-answer motion to dismiss, the allegations of the complaint, i.e., that plaintiff was sought out and engaged by defendant based on its relationship with the ultimate purchaser, that plaintiff first formulated and proposed the concept of combining the 710 Madison and 712 Madison transactions, that defendant's senior vice president hand delivered to plaintiff a conceptual term sheet that closely followed plaintiff's transaction formulations, and that plaintiff's efforts in facilitating and coordinating negotiations between defendant and the ultimate purchaser resulted in the 710 and 712 Madison transactions, were sufficient to raise the question of whether plaintiff was the procuring cause of the transactions at issue (Kronish v Koffman, 199 AD2d 136, 138 [1st Dept 1993]). Thus, defendant's motion to dismiss the first, second, and third causes of action was correctly denied.
The fourth cause of action was correctly dismissed, as the statute of frauds, General Obligations Law § 5-701(a)(1), encompasses agreements which, by their terms, "have absolutely no possibility in fact and law of full performance within one year" (Foster v Kovner, 44 AD3d 23, 26 [1st Dept 2007]). According to article 15 of the ground lease executed in connection with the 712 Madison transaction, the option to purchase the property shall be "no earlier than January 1, 2021," which was more than one year from plaintiff's engagement by defendant.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE [*2]DIVISION, FIRST DEPARTMENT.
ENTERED: June 2, 2022